LUCINDA CLARK *v.* COUNTY COURT OF RALEIGH COUNTY

(No. 8286)

Submitted May 13, 1936. Decided May 19, 1936.

*A. D. Preston,* for plaintiff in error.

*Clarence W. Meadows* and *W. H. McGinnis, Jr.,* for defendant in error.

WOODS, JUDGE:

This is an action to recover compensation for a one-half undivided interest in land taken for road purposes and damages to the residue of the tract. Plaintiff prosecutes error from an adverse judgment.

It appears that in 1930, the state road commission entered upon land owned jointly by plaintiff and her husband for the purpose of constructing a road. In due time the usual statutory proceeding was instituted to ascertain the compensation, or damage to which the owner was entitled. In that proceeding Mark Clark, husband to plaintiff herein, was the only party named as defendant, and the notice was served on him. Later Clark accepted payment of the amount of damage assessed by the commissioners, although plaintiff says that she objected to his doing so. Thereafter, plaintiff filed an itemized statement and claim for alleged damage to her undivided half interest in the property, which claim exceeded slightly the award made in the statutory proceeding aforesaid. The plaintiff's claim was promptly refused, and this action followed.

Deeds to the property (to plaintiff and husband jointly), recorded several years prior to the taking, were admitted in evidence. Plaintiff testified that the engineer of the state road commission was given actual notice at time of entry, of her interest in the property. She admits that she knew of the proceeding aforesaid, to which her husband was a party. There is no evidence that she was present at the proceeding to determine the damage.

The trial court, at instance of defendant, and over objection of plaintiff, instructed the jury to the effect that if they believed plaintiff knew of the notice served on Mark Clark, and gave no notice of her claim of title, but stood by and allowed the state road commission and Mark Clark to treat the said land as land of Mark Clark

and to pay him the value and damages assessed against the road commission for the land so taken and damages to the residue, beyond the peculiar benefits to the said residue, that she was estopped from asserting any claim.

Plaintiff contends that the above instruction does not properly state the law. She insists, in view of her record title, and of her notice to the state road commission's engineer, that she had a right to presume that the state agency had used the means pointed out by law, and acquired all the knowledge which it was important for it to have, or that it would do so.

The parties seem to be in agreement that the only evidence, if any, of estoppel is contained in plaintiff's own testimony. Her testimony alone was certified here, and the county court has not requested that any of the other evidence be brought up.

One relying on an estoppel must have exercised such reasonable diligence as the circumstances of the case require; and, if he conducts himself with a careless indifference to means of information reasonably at hand or ignores highly suspicious circumstances which should warn him of danger of loss, he cannot invoke the doctrine of estoppel. *Atkinson* v. *Plum,* 50 W. Va. 104, 40 S. E. 587, 58 L. R. A. 788. "A public record is an available means of information as to questions of title, and one who does not take advantage of it cannot claim an estoppel against one who merely fails to furnish such information." 21 C. J., 1130. A great number of courts hold that one who has a recorded title will not be estopped by his silence, although he may know or be informed that others are negotiating for rights and interests in the property, as he is under no obligation to inquire for or hunt them up, and warn or apprise them of that which the record discloses and it is their duty to ascertain. In other words, so long as he may do no affirmative act to mislead or deceive, he is under no further duty to those who may acquire subsequent rights and will not be barred from the assertion of his title.

The Supreme Court of Pennsylvania has made the fol-

lowing pertinent observation: "The party who has placed his written title on record has given the notice which every person is bound to know and respect. The law does not require him to go further. But if he speaks or acts, it must be consistent with his recorded title. The law distinguishes between silence and encouragement. Whilst silence may be innocent and lawful, to encourage and mislead another into expenditures on a bad or doubtful title would be a positive fraud, that should bar and estop the party, the author of that encouragement and deception, from disturbing the title of the person whom he misled, by any claim of title in himself." *Knouff* v. *Thompson*, 16 Pa. 357. And in *Brant* v. *Virginia Coal & Iron Co.*, 93 U. S. 326, 23 L. Ed. 927, it was held that to enable a party to plead such an estoppel, it is essential that he was not only "destitute of knowledge of the true state of the title, but also of any convenient or available means of acquiring such knowledge." To like effect: *Atkinson* v. *Plum, supra*; *Pocahontas Light & Water Co.* v. *Browning*, 53 W. Va. 436, 44 S. E. 267. Ordinarily where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.

Plaintiff, as an owner of an interest in the real estate, was entitled to compensation. She was warranted in assuming that either the road commission or the county court would recognize such right. The law gave her one year after completion of the road to press her claim, if settlement had not been had prior thereto. Acts 1923, Chap. 6, Sec. 138. It is shown that she was not given notice to appear and assist in the selection of appraisers, and so far as the record shows, was not present at the time. She testified that she informed the engineer on the project, at time of the entry, of her interest in the land. There is no evidence to the effect that she did anything that would cause the proper officials to be thrown off their guard and not to make the usual examination of the record to ascertain the names of the owners of record. So, under the circumstances, we are of opinion that

plaintiff's conduct was consistent with her record title, and that her silence cannot be set up as an estoppel. It is, therefore, apparent that the giving of the instruction was error for which the case must be reversed.

The judgment of the circuit court is accordingly reversed, the verdict of the jury set aside, and a new trial awarded the plaintiff.

*Judgment reversed; verdict set aside; new trial awarded.*